1  SRI K. SANKARAN (CA SBN 236584)
   ssankaran@winthrop.com
2  TIFFANY A. BLOFIELD (MN 0237279)
   Admitted *Pro Hac Vice*
3  tblofield@winthrop.com
4  WINTHROP & WEINSTINE, P.A.
   225 South Sixth Street, Suite 3500
5  Minneapolis, MN 55402-4629
   Telephone: (612) 604-6400
6  Facsimile: (612) 604-6800

7
   Attorneys for Defendants and Counter-Plaintiff
8  KNOCK, INC. and Defendant TREAT AND COMPANY, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHO'S THERE, INC., a California corporation, d/b/a KNOCK KNOCK, | Case No. CV 13-7163 GAF(Ex) |
| Plaintiff, | |
| vs. | **PROTECTIVE ORDER** |
| KNOCK, INC., a Minnesota corporation; TREAT AND COMPANY, LLC, a Minnesota limited liability company | |
| Defendants. | |
| KNOCK, INC., a Minnesota corporation | |
| Counter-Plaintiff, | |
| vs. | |
| WHO'S THERE, INC., a California corporation, d/b/a KNOCK KNOCK, | |
| Counter-Defendant. | |

1  WHEREAS, this Action involves allegations of trademark infringement,
2  WHEREAS, conducing meaningful discovery in this action may lead to the
3  disclosure of information and documents containing non-public, proprietary and
4  competitively sensitive confidential information of the parties to this Action and
5  unrelated third parties,
6  WHEREAS, such confidential information includes, but is not limited to,
7  pricing data, business plans, marketing plans, business models, business
8  development strategies, financial statements, customer lists, drafts of agreements,
9  and other information contended by the parties to be proprietary,
10  WHEREAS, if such confidential information is disclosed, the parties to this
11  Action and unrelated third parties would be harmed by allowing their competitors
12  access to information that, but for the existence of this Action, would remain
13  confidential,
14  WHEREAS, the parties wish to engage in meaningful discovery without the
15  need to move this Court for a protective order in every circumstance in which
16  responding to discovery may involve the disclosure of confidential information,
17  WHEREAS, the parties agree that, in light of the above, good cause exists for
18  the issuance of a protective order pursuant to Fed. R. Civ. P. 26(c) to protect
19  confidential information,
20  WHEREAS, the parties hereby request that the Court issue a protective order
21  pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of nonpublic and
22  competitively-sensitive information that may need to be disclosed in connection
23  with discovery in this case,
24  IT IS HEREBY STIPULATED, subject to the Court's approval, pursuant to
25  Fed. R. Civ. P. 26(c), any person subject to this order, including without limitation
26  the parties to this Action, their representatives, agents, experts, and consultants, and
27  all persons acting in concert or participation with them, and all other persons with
28

actual or constructive notice of the Protective Order – shall adhere to the following terms:

**DEFINITIONS**

1. As used in this Protective Order,

    a. "Designating Party" means any Person who designates Material as Confidential Material.

    b. "Discovering Counsel" means counsel of record for a Discovering Party.

    c. "Discovering Party" means the Party to whom Material is being Provided by a Producing Party.

    d. "Confidential Material" refers to those materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as defined in Paragraph 2 below.

    e. "Material" means any document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in this action by a Party before or after the date of this Protective Order.

    f. "Party" means the parties to this action, their attorneys of record and their agents.

    g. "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

    h. "Producing Party" means any Person who Provides Material during the course of this action.

    i. "Provide" means to produce any Material, whether voluntarily or involuntarily, whether pursuant to request or process.

## CONFIDENTIAL DESIGNATION

2. A Producing Party may designate as "CONFIDENTIAL" any material provided to a Party which contains or discloses any of the following:

    a. Non-public insider information, personnel files, financial information, information about projects, confidential commercial information, proprietary information, or other confidential or sensitive information which the Producing Party determines in good faith should be kept confidential; and

    b. Information that the Party is under a duty to preserve as confidential under an agreement with or other obligation to another Person.

3. The Producing Party may designate as "ATTORNEYS' EYES ONLY," documents Parties contend contain or disclose materials which they in good faith believe to be of an extremely high degree of current commercial sensitivity and/or would provide a competitive advantage to its competitors if disclosed, including but not limited to trade secrets as defined in California Civil Code §3426.1, client and customer lists, and information regarding non-public projects and products in development.

4. A Producing Party shall stamp as CONFIDENTIAL or ATTORNEYS' EYES ONLY Materials which the Producing Party in good faith believes are entitled to protection pursuant to the standards set forth in Paragraphs 2 and 3 of this Order.

    a. A Producing Party may designate Confidential Material for Protection under this order by physically marking it with the following inscription prior to Providing it to a Party:

"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL"

or

"ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY"

  b. The inadvertent failure to designate any Provided Material does not constitute a waiver of such claim, and a party may so designate Provided Material after such inadvertent failure by identifying with specificity in writing to the Discovering Party any previously Provided Material which was not designated as Confidential Material within a reasonable time following discovery of the inadvertent failure. For purposes of this method of designation, it will be a sufficiently specific identification to refer to the bates numbers or deposition page numbers of previously Provided Material. Where a Producing Party designates previously Provided Material as Confidential Material pursuant to this subparagraph, the Producing Party will follow the procedures set forth in the previous subparagraph for designating Confidential Material, and Provide to the Discovering Party replacement copies of the previously Provided Material marked with the inscription described in the previous subparagraph. Upon receipt of the replacement copies which comply with the procedures set forth in the previous subparagraph, the Discovering Party will immediately return to the Producing Party the previously Provided Material, or alternatively, will destroy all the previously Provided Material, at the option of the Producing Party. For previously Provided Material which was not designated as Confidential Material at the time of its being Provided, this Protective Order shall apply to such materials beginning on the date that the Producing Party makes such designation.

## RESTRICTION ON USE OF CONFIDENTIAL MATERIAL

5. Confidential Material designated as CONFIDENTIAL shall not be disclosed, nor shall its contents be disclosed, to any person other than those described in Paragraph 8 of this Protective Order and other than in accordance with the terms, conditions and restrictions of this Protective Order. Confidential Material designated as ATTORNEYS' EYES ONLY shall not be disclosed, nor shall its

contents be disclosed to any person other than those described in Paragraph 9 of this Protective Order.

6. Confidential Material Provided by a Producing Party to a Discovering Party, and the substance or content thereof, including any notes, memoranda, or other similar documents relating thereto, shall be used by a Discovering Party solely for the purpose of this action and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the parties, their affiliates, parents, or related entities, other than as permitted by the terms of this Protective Order.

7. Access to all Confidential Material shall be limited by Discovering Counsel to persons authorized pursuant to Paragraphs 8 or 9 of this Protective Order.

8. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Material designated as CONFIDENTIAL and the contents of Material designated as CONFIDENTIAL only to the following persons:

    a. Counsel of record working on this action on behalf of any party and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff;

    b. In-house counsel and such in-house counsel's employees who are directly participating in this action, including counsel's paralegals, assistants, secretaries, and clerical staff;

    c. Stenographic and video reporters engaged in proceedings incident to this action, and their staff;

    d. The Court and Court personnel;

    e. Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in Paragraphs 11-13;

  f. Non-party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraphs 11-13;

  g. Officers, directors and employees of the Parties hereto who have a need to review Material designated as CONFIDENTIAL to assist in connection with this litigation, subject to the limitations set forth herein;

  h. Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

  i. Any Person identified on the face of any such Material designated as CONFIDENTIAL as an author or recipient thereof;

  j. Any Person who is determined to have been an author and/or previous recipient of the Material designated as CONFIDENTIAL, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as CONFIDENTIAL by such Person; and

  k. Any Person who the Parties agree in writing may receive Material designated as CONFIDENTIAL.

The Parties shall make a good faith effort to limit dissemination of Material designated as CONFIDENTIAL within these categories to Persons who have a reasonable need for access thereto.

  9. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, the Discovering Counsel may disclose confidential financial Material designated as ATTORNEYS' EYES ONLY, and the contents of Material so designated, only to the following persons:

  a. Counsel of record for the Parties to this action and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretarial, and clerical staff;

    b.    Stenographic and video reporters engaged in proceedings incident to this action, and their staff;

    c.    The Court and Court personnel;

    d.    Witnesses at depositions or pre-trial proceedings that fall within another provision in this paragraph 8 that allows them to view ATTORNEY'S EYES ONLY material, and in accordance with procedures set forth in paragraphs 11-13;

    e.    Experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in paragraphs 11-13;

    f.    Any Person identified on the face of any such Material designated as ATTORNEYS' EYES ONLY as an author or recipient thereof;

    g.    Any Person who is determined to have been an author and/or previous recipient of the Material designated as ATTORNEYS' EYES ONLY, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as ATTORNEYS' EYES ONLY by such Person; and

    h.    Any Person who the Parties agree in writing may receive Material designated as ATTORNEYS' EYES ONLY.

### UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER

10.    Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 8(f) or 9(e) above, the Person to whom disclosure is to be made shall receive a copy of this Protective Order, shall read the Protective Order, shall evidence his or her agreement to be bound by the terms, conditions, and restrictions of the Protective Order by signing an undertaking in the form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of

1 this Protective Order, with a copy of his or her signed Undertaking attached.
2 Discovering Counsel shall keep a copy of the signed Undertaking for each person
3 described in subparagraphs 8(f) or 9(e) to whom Discovering Counsel discloses
4 Confidential Material.

### DEPOSITIONS

6     11. Those portions of depositions taken by any Party at which any Material
7 designated as CONFIDENTIAL is used or inquired into, may not be conducted in
8 the presence of any Person(s) other than (a) the deposition witness, (b) his or her
9 counsel, and (c) Persons authorized under Paragraph 8 of this Protective Order to
10 view such Confidential Material. During those portions of depositions in which
11 Material designated ATTORNEYS' EYES ONLY is used or inquired into, only
12 those persons authorized under Paragraph 9 to view such Materials may be present.
13     12. Counsel for any deponent may designate testimony or exhibits as
14 Confidential Material by indicating on the record at the deposition that the testimony
15 of the deponent or any exhibits to his or her testimony are to be treated as
16 Confidential Material. Counsel for any Party may designate exhibits in which that
17 Party has a cognizable interest as Confidential Material by indicating on the record
18 at the deposition that such exhibit(s) are to be treated as Confidential Material.
19 Failure of counsel to designate testimony or exhibits as confidential at deposition,
20 however, shall not constitute a waiver of the protected status of the testimony or
21 exhibits. Within ten (10) business days of receipt of the transcript of the deposition,
22 or ten (10) business days of the date on which this Protective Order becomes
23 effective, whichever occurs last, counsel shall be entitled to designate specific
24 testimony or exhibits as Confidential Material. Until ten (10) business days have
25 passed after receipt of any transcript, that entire transcript shall be deemed to be
26 ATTORNEYS' EYES ONLY. If counsel for the deponent or Party fails to
27 designate the transcript or exhibits as Confidential within the above-described ten
28

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629

(10) business day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material. For purposes of this Paragraph 12, this Protective Order shall be deemed "effective" on the date on which it has been entered by the Court.

13. Any deposition transcript containing Confidential Material shall be marked on the cover, as appropriate, and shall be separately bound. To the extent practicable, when Material disclosed during a deposition is designated Confidential Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents.

## USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT PAPERS

14. If any Party or non-party seeks to file or lodge with the Court any Confidential Material, such materials shall be submitted to the Court in accordance with the procedures set forth in Local Rule 79-5.1. No documents may be filed or lodged under seal absent a court order pertinent to the specific document(s). If a Party wishes to file or lodge documents under seal, the other Party shall not unreasonably withhold agreement to such procedure. If an agreement is reached, the Parties shall submit an Unopposed Ex Parte Application and Proposed Order pursuant to Local Rule 79-5.1. If no such agreement is reached, then the proponent of lodging or filing under seal shall submit an Ex Parte Application and Proposed Order pursuant to Local Rule 79-5.1.

## INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

15. The inadvertent production of any privileged or otherwise protected or exempted Material shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege, the

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629

1 protection afforded to work-product materials or the subject matter thereof, or the
2 confidential nature of any such Material, provided that the Designating Party shall
3 immediately notify the Discovering Party of the claim and the applicable privilege,
4 in writing, when inadvertent production is discovered. If prompt notification is
5 made, the Discovering Party shall:

6     a. promptly return or destroy all such inadvertently produced
7 documents and all copies thereof, or

8     b. place all such inadvertently produced documents and all copies
9 thereof in a sealed envelope and move the Court for an order on this issue. Counsel
10 for the Discovering Party shall not use such Material for any purpose until further
11 order of the Court.

12 Any analyses, memoranda, or notes which are internally generated based
13 upon such inadvertently produced Material shall immediately be treated in
14 conformance with either subparagraph (a) or (b) hereof.

15 **OBJECTIONS TO DESIGNATION**

16 16. Any Party may at any time notify the Designating Party in writing of its
17 contention that specified Material designated as Confidential Material is not
18 properly so designated because such Material does not warrant protection under
19 applicable law. The Designating Party shall within ten (10) days, meet and confer in
20 good faith with the Party challenging the designation in an attempt to resolve such
21 dispute. The Party challenging the designation shall prepare its portions of the Joint
22 Stipulation in accordance with Local Rule 37-2.2. The Designating Party shall then
23 provide its portions of the Joint Stipulation in accordance with Local Rule 37-2.2.
24 The parties will comply with Local Rule 37-2.2 in the preparation and filing of the
25 Joint Stipulation. Any such Joint Stipulation shall be set for hearing no earlier than
26 twenty-one (21) days after the filing of the Joint Stipulation, as required by L.R. 37-
27 3. The party designating the information, documents, materials or items as
28

confidential bears the burden of establishing the confidentiality. If no motion is filed all Parties shall continue to treat the Material as designated. Pending resolution of any motion filed pursuant to this Paragraph, all Persons bound by this Protective Order shall continue to treat the Material which is the subject of the motion as designated.

## RETURN OF MATERIAL

17. Within ninety (90) calendar days after the final settlement or termination of this action, and all appeals therefrom, Discovering Counsel shall return or destroy (at the option and expense of Discovering Counsel) all Materials provided by a Producing Party and all copies thereof except to the extent that any of the foregoing includes or reflects Discovering Counsel's work product, and except to the extent that such Material has been filed with a court in which proceedings related to this action are being conducted. In addition, with respect to any such retained work product and unless otherwise agreed to, at the conclusion of this action, counsel for each Party shall maintain all of the signed undertakings they are required to preserve pursuant to Paragraph 9 above, and shall not make use of such Material except in connection with any action arising directly out of these actions, or pursuant to a court order for good cause shown. The obligation of this Protective Order shall survive the termination of this action. To the extent that Confidential Materials are or become known to the public through no fault of the Discovering Party, such Confidential Materials shall no longer be subject to the terms of this Protective Order. Upon request, counsel for each Party shall verify in writing that they have complied with the provisions of this paragraph.

## SCOPE OF THIS ORDER

18. Except for the provisions regarding post-trial or post-settlement return and destruction of Material, this order is strictly a pretrial order; it does not govern the trial in this action.

19. During the L.R. 16-2 Conference of Counsel, Counsel agree to meet and confer concerning the use at trial of Confidential Material.

20. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under California or federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

21. Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

22. This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

23. This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any Party or Person with respect to Confidential Material designated by that Party.

24. The restrictions set out in the Protective Order shall not apply to any Material which:

    a. At the time it is Provided is available to the public;

      b.    After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party; or

      c.    The Discovering Party can show:

          i.    Was already known to the Discovering Party independently of receipt of the Confidential Material in this or prior litigation; or

          ii.    Was received by the Discovering Party, after the time it was designated as Confidential Material hereunder, from a third party having the right to make such disclosure.

25.    If at any time any Material protected by this Protective Order is subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall give written notice thereof to the Producing Party within two (2) business days with respect to Confidential Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures. If the Producing Party does not prevail on its objections to such disclosure, the Discovering Party may produce the Confidential Material without violating this Protective Order.

26.    The Parties reserve the right to seek, upon good cause, modification of this Protective Order by the Court.

**SO STIPULATED**, by the undersigned parties.

Dated: April 3, 2014

JOSEPH G. ADAMS
**SNELL & WILMER, L.L.P.**

By: /s/ Joseph G. Adams
Joseph G. Adams

Attorneys for Plaintiff Who's There, Inc., d/b/a/ Knock Knock

Dated: April 3, 2014

TIFFANY A. BLOFIELD
**WINTHROP & WEINSTINE, P.A.**

By: /s/ Tiffany A. Blofield
Sri K. Sankaran
Tiffany A. Blofield

Attorneys for Defendants KNOCK, Inc. and TREAT AND COMPANY, LLC

Dated: April 3, 2014

IT IS SO ORDERED:

[signature]

The Honorable ~~Gary A. Feess~~ Charles F. Eick
United States ~~District Court Judge~~ Magistrate Judge

8943660v1

Winthrop & Weinstine, P.A.
225 South Street, Suite 3500
Minneapolis, MN 55402-4629

## EXHIBIT A

## UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United Stated District court for the Central District of California in the case of *Who's there, Inc. v. Knock, inc., et al.*, No. 2:13-cv-07163 GAF(Ex). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I agree to submit to the jurisdiction of the United States District court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____, 2014

City and State where sworn and signed: _____

Signed: _____ _____
[Print Name]                              [Signature]